UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM NEAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LAFAYETTE CITY OF, et al., <br><br> Defendants. | Case No. 2:24-CV-00439-GSL-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. [DE 8]. For the following reasons the Court GRANTS Defendants' motion.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On December 4, 2024, Plaintiffs filed this action in Tippecanoe Circuit Court against Defendant City of Lafayette and Defendant Lafayette Police Department. [DE 6]. The Complaint alleges several claims based in state law.[1] [*Id.*]. It also alleges violations of the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. [*Id.* ¶¶ 73–78]. Because of the federal questions present in the latter claims, this action was subsequently removed to federal court. [DE 1].

The underlying facts of this case stem from an alleged incident between Plaintiffs and officers from the Lafayette Police Department. [DE 6, ¶¶ 7–32]. As summarized by Defendants' motion, several officers went to Plaintiffs' residence, "forced their way into the house," "arrested

---

[1] "Count 1: Negligence"; "Count 2: Gross Negligence"; "Count 3: Recklessness"; "Count 4: Emotional Distress"; "Count 5; Battery"; "Count 6: Confinement"; "Count 7: Failure to Supervise"; "Count 8: Conspiracy"; "Count 9: Conversion"; "Count 10: Property Damage"; "Count 11: False Imprisonment"; and "Count 12: Lost Wages"

[Plaintiffs] William Neal and Taair Neal," and "forcibly removed [Plaintiff Tammera Cooper] from the house," injuring her. [DE 8, ¶ 1]. Despite the arrests, Plaintiffs were not criminally charged. [DE 6, ¶ 28].

In the instant motion, Defendants argue that the "Lafayette Police Department must be dismissed because, as a matter of law, municipal police departments are not suable entities." [DE 9, page 5–6]. Plaintiffs have no objection. [DE 13, ¶ 1]. The Court agrees and will treat the City of Lafayette as the sole Defendant in this case.

Further, Defendants argue that Plaintiffs "failed to properly plead a federal claim against the City of Lafayette." [DE 9, page 1]. Specifically, Defendants argue that the Complaint fails under Rule 12(b)(6) because Plaintiffs failed to plead a *Monell* claim. [*Id.*]. Because the federal claims fail to meet the pleading standard, Defendants ask that the case be remanded to state court. [*Id.*].

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled

2

to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### III. DISCUSSION

The only federal claims in this action are brought pursuant to 42 U.S.C. §1983. [DE 6, ¶¶ 73–78] (alleging violations of the Fourth and Fourth Amendments). Defendants argue that they are not properly pled and fail under Rule 12(b)(6). [DE 8, page 1]. This Court agrees.

Section 1983 "provides a civil remedy against any 'person' who violates a plaintiff's federal civil rights while acting under color of state law." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citing 42 U.S.C. §1983). The Supreme Court has held that municipalities are "persons" who may be sued under Section 1983. *Id.* (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)). However, municipalities are only liable for their own violations of federal law. *Id.* (citing *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021)). They cannot be sued for the constitutional torts of their employees, i.e., vicarious liability. *Id.*

"For a *Monell* claim to survive a motion to dismiss, a plaintiff must plead facts that plausibly suggest that: (1) she was deprived of a constitutional right; (2) the deprivation can be traced 'to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself'; (3) 'the policy or custom demonstrates municipal fault, i.e., deliberate indifference'; and (4) 'the municipal action was the moving force behind the federal-rights violation.'" *Thomas*, 74 F.4th at 524 (quoting *Dean*, 18 F.4th at 235).

Under the second step of a *Monell* claim, courts look for three types of "municipal action" that would support municipal liability. *Id.* "(1) [A]n express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and

3

well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)).

Plaintiffs fail to identify any "express policy," "widespread practice," or "person with final policymaking authority" that is attributable to Plaintiffs' alleged injuries. While some of the facts in the Complaint could possibly create a cause of action for personal liability against individual police officers, none can sustain a *Monell* claim against the municipality. [DE 6]. Plaintiffs' three-page Response to the instant motion is also not helpful. [DE 13]. In the Response, Plaintiffs do not refer to any specific facts in the Complaint that would help the Court draw reasonable and helpful inferences in their favor. Instead, the Response is fraught with conclusory statements, some of which seemingly concede to the inadequacies of the pleadings, e.g., "it is clear that the Plaintiffs' constitutional rights were violated by the Defendant, however, whether that was through policy, custom, or practice is unclear at this time as no formal discovery has been exchanged." [DE 13, ¶ 7].

While pled insufficiently, the Complaint hints at one plausible theory under *Monell*: failure-to-train.[2] [DE 6, ¶¶ 52–54] (Count 7). The Supreme Court has recognized the failure-to-train theory for municipality liability under Section 1983. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (*City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989)). But only when the inadequate training "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *Harris*, 489 U.S. at 388). To meet this high

---

[2] The Court extracts this theory from Plaintiffs' claim for "Failure to Supervise." A claim for only supervisory liability would fail in this case because the sole Defendant is a municipality, not a named individual with supervisory authority, e.g., chief of police. *See Gill v. City of Milwaukee*, 850 F.3d 335, 343–344 (7th Cir. 2017).

standard, a plaintiff must assert the municipality has "actual knowledge of a pattern of criminally reckless conduct and there is an obvious need to provide training to avert harm . . . ." *Id.* at 733. *See Harris*, 489 U.S. at 390–91 ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.").

Here, Plaintiff fails to allege any facts to sustain a failure-to-train theory. Plaintiff merely states in conclusory fashion that "the City of Lafayette failed to adequately supervise and train the officers at the scene as they willfully, knowingly, and wantonly used excessive force against the Plaintiffs." [DE 6, ¶ 53]. This statement does not provide a sufficient, or any, factual basis for inadequate training. *See Flores*, 997 F.3d at 733 (finding the plaintiff sufficiently pled a *Monell* claim, under a failure-to-train theory, because he alleged specific instances where officers drove recklessly, that the municipality had knowledge of this reckless behavior, and that the municipality took no steps to prevent this behavior).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [DE 8] is GRANTED and all the federal claims in this action are DISMISSED. This case is REMANDED to State Court.

SO ORDERED.

ENTERED: May 7, 2025

                                                /s/ GRETCHEN S. LUND
                                                Judge
                                                United States District Court